```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
HSM HOLDINGS, LLC,                                                     :
                                                                       :
                           Plaintiff,                                  :
                                                                       :      20-cv-00967 (LJL)
               -v-                                                     :
                                                                       :      MEMORANDUM AND
MANTU I.M. MOBILE LTD., BEEZZ                                          :           ORDER
COMMUNICATIONS SOLUTIONS LTD., ERAN BEN                                :
ELIEZER, JOSEPH CAYRE, GAVRIEL GEORGE                                  :
NIRYAEV, DENIS JDANOV, ERAN HAMO,                                      :
MICHAEL RASKANSKY, and BRAMS JACOB                                     :
MOYAL,                                                                 :
                                                                       :
                           Defendants.                                 X
-----------------------------------------------------------------------
```

LEWIS J. LIMAN, United States District Judge:

By opinion and order of March 10, 2021, this Court found that it possessed personal jurisdiction over three of the Defendants sued in this action: Mantu I.M. Mobile LTD. ("Mantu"), Joseph Cayre ("Cayre"), and Brams Jacob Moyal ("Moyal"). Dkt. No. 92 at 12. However, the Court also concluded that the complaint failed to state a claim for relief against them and granted the motion to dismiss without prejudice to Plaintiff filing an amended complaint with more particularized allegations as to the fraud claim. *Id.* at 59. At the same time, the Court concluded that it did not possess personal jurisdiction over the additional six Defendants: Beezz Communications Solutions Ltd. ("Beezz"), Eran Ben Eliezer ("Eliezer"), Gavriel George Niryaev ("Niryaev"), Denis Jdanov ("Jdanov"), Michael Raskansky ("Raskansky"), and Eran Hamo ("Hamo"). *Id.* at 59–60. Those Defendants had not been served at the time that Mantu, Cayre, and Moyal moved the United States District Court for the Central District of California for transfer of venue pursuant to 28 U.S.C. § 1404 ("Section 1404"). That court granted the motion to transfer pursuant to a forum selection clause without explicitly

considering the question whether the Southern District of New York would have personal jurisdiction over all Defendants named in Plaintiff's complaint. *See* Dkt. No. 39 (transfer of venue decision). This Court accordingly asked the parties to brief the question whether the Court should dismiss the case against these Defendants or, rather, should transfer it back to California where the case was originally filed and where jurisdiction presumably existed over the six Defendants. Dkt. No. 92 at 59-60. In so doing, the Court noted that, while Plaintiff could refile against the six Defendants in California, there might be statute of limitations questions that would arise from a new filing that would not exist if the case had not been transferred in the first place, and that the parties had not addressed those issues. *Id.*

The parties have now submitted briefs addressing those issues. *See* Dkt Nos. 97-100. Perhaps unsurprisingly, Defendants argue that the appropriate disposition is for the Court to dismiss Defendants as to whom personal jurisdiction does not lie in New York. Dkt. No. 97. Equally unsurprising, Plaintiff argues that the Court should transfer the entire case back to California and vacate its order of dismissal on the merits, on the theory that the case should never have been transferred in the first place. Dkt. Nos. 98, 100. Plaintiff argues that a case may be transferred pursuant to Section 1404 only to a District which would have personal and subject matter jurisdiction over all defendants at the time of filing, regardless whether they have been served, "or to any district or division to which all parties have consented," 28 U.S.C. § 1404(a); *see Cali v. E. Coast Aviation Servs., Ltd.*, 178 F. Supp.2d 276, 283-84 (E.D.N.Y. 2001) (citing *Hoffman v. Blaski*, 363 U.S. 335, 342-44 (1960)), and that this Court has now made clear that it does not have personal jurisdiction over all Defendants. In particular, the motion to transfer was made only by Mantu, Cayre, and Moyal; it did not contain a consent by the other Defendants.

2

This Court has the power to retransfer the case to the Central District of California. *Caribbean Wholesales & Serv. Corp. v. US JVC Corp.*, 1996 WL 140251, at *4 (S.D.N.Y. Mar. 27, 1996) (affirming district court's authority to retransfer). The decision of the California court was interlocutory and any appeal with respect to its determination that the case should be transferred to this Court under Section 1404 would lie only with the Second Circuit after this Court renders final judgment. See Charles A. Wright & Arthur R. Miller, 15 *Federal Practice and Procedure* § 3855 (4th ed. 2021) ("An order granting or denying a motion to transfer venue under 28 U.S.C.A. § 1404(a) is interlocutory and thus is not immediately appealable as a 'final decision' under 28 U.S.C.A. § 1291"); *SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 177 (2d Cir. 2000) ("In the transferee circuit, review of a transfer order is available upon appeal from a final judgment"). It follows, as the Supreme Court has held, that the decision of the Central District of California is not res judicata that would prevent the Second Circuit, and therefore this Court, from reaching a contrary decision. *See Hoffman*, 363 U.S. at 340 n.9 (holding that principles of res judicata did not prevent transferee court from reconsidering decision of transferor court); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citing *Hoffman* for the proposition that "res judicata principles did not limit power of Court of Appeals to reconsider transfer decisions not upset by coordinate court").

The fact that the Court has the power to reconsider the California court's decision does not suggest that it should exercise that power. The Supreme Court has held in a related context that the courts should apply the doctrine of law of the case to transfer decisions of a coordinate court. *See Christianson*, 486 U.S. at 815-16. "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Id.* at 816 (quoting 1B J. Moore, J. Lucas, & T. Currier, *Moore's Federal Practice* ¶ 0.404[1] (1984)).

"Indeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious cycle of litigation." *Id.* For example, in *U.S. Bank National Association v. Bank of America N.A.*, the Second Circuit "entirely" approved of the district court's decision not to retransfer the case based on its conclusion that the transferor court erred in a jurisdictional determination. The court explained:

> [r]egardless of which court is correct in its appraisal of the jurisdiction question, such a duel between courts of transfers and retransfers would subject the parties to unacceptably mounting expenses and delays. If such occurs, the federal court system abjectly fails to perform its mission of deciding cases with reasonable speed and efficiency at reasonable costs to the parties.

*U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 152-153 (2d Cir. 2019); *see also* 17 James W. Moore, *Moore's Federal Practice - Civil* § 111.62 (3d Ed. 2021) ("If the district court grants transfer of venue, the losing party may obtain 'indirect review' of the transfer order by making a motion in the transferee court to retransfer the case. The 'law of the case' doctrine, however, generally discourages transferee courts from revisiting the prior rulings of the transferor court, especially the transfer order itself."); Wright & Miller, *supra*, § 3846 ("Not surprisingly, transferee courts have expressed a strong reluctance to review a transfer order indirectly by means of a motion to retransfer. They have the power to do so if the contention is that the transferor court lacked the power to order the transfer rather than merely that the transferor court abused its discretion in applying the statute. Even then, though, the doctrine of law of the case and notions of judicial comity ordinarily suggest that the decision of a coordinate court should not be reconsidered.").

This case raises the identical concerns identified by Judge Leval in *U.S. Bank National Association*, 916 F.3d at 143. Plaintiffs argued here that the Court had personal jurisdiction over all Defendants because of the forum selection clause in the Subscription Agreement. *See* Dkt.

No. 77 at 17 (arguing that the court has personal jurisdiction over "all other Defendants . . . under the forum selection clause in the purported Subscription Agreement that Defendants themselves invoked when demanding transfers to this Court"). This Court rejected that argument. Dkt. No. 92 at 16-22, 31. But the conclusion was not self-evident. The Court noted that "[a] number of courts in this Circuit have exercised personal jurisdiction over non-parties to an agreement containing a forum selection clause on the basis of their close relationship to one of the parties to the agreement." Dkt. No. 92 at 16-17. Were the case to be retransferred to California, the California court could well reach a different conclusion that "might well result in a ruling" that this Court does have jurisdiction. *U.S. Bank Nat'l Ass'n*, 916 F.3d at 152. The result would be a game of judicial ping-pong as the case would be transferred back and forth between New York and California. *See Hoffman*, 363 U.S. at 345 (Frankfurter, J., dissenting); *U.S. Bank Nat'l Ass'n*, 916 F.3d at 153.

The Central District of California did not expressly rule on the issue whether all Defendants were subject to the personal jurisdiction of this Court in transferring the case. At the time, the only Defendants who had been served and who made the motion to transfer were Mantu, Cayre, and Moyal over whom this Court indisputably has personal jurisdiction. The court only addressed the jurisdiction of this Court over those three Defendants. Dkt. No. 39. It did not separately reach the question which Plaintiff now raises here as an obstacle to transfer under Section 1404—whether personal jurisdiction would lie over Defendants who had been named but not yet served. But that is not because of law or evidence that was unavailable to the court, or because Plaintiff did not identify the issue, or because the issue lacked relevance. It was central to the question before the court and could have been raised. In fact, Plaintiff anticipated that the non-appearing individual Defendants who had "not consented to jurisdiction

5

in New York," might "ride the coattails of any transfer order of this Court, only to then assert that New York lacks jurisdiction over them because, as noted herein, their conduct was targeted at, and harmed, HSM in California." Dkt No. 23 at 12 n.7. It did not identify for the California court the logical consequence of that argument—which it now argues—that the case could not be transferred to New York. That is the only reason the California court did not address the issue. *See* Dkt No. 39.

As Plaintiff argues, the California court would have lacked the power to transfer the case to this Court under Section 1404 if this Court did not have personal jurisdiction over all of the Defendants. Thus, the California court's transfer holding carried with it the necessary conclusion that Plaintiff could have brought the action against all Defendants in this Court. And its holding is entitled to law-of-the-case treatment, both as to the issues that were expressly decided and as to those that were necessarily decided regardless whether they were explicitly raised. *Hatteras Enters. Inc v. Forsythe Cosmetic Grp., Ltd*, 2016 WL 4083386, at *7 (E.D.N.Y. July 30, 2016) ("the law of the case doctrine . . . 'forecloses reconsideration of issues that were decided—<u>or that could have been decided</u>—during prior proceedings' in the same case.") (quoting *Burda Media, Inc. v. Viertel*, 604 F. App'x. 91, 91-92 (2d Cir. 2015)); *Sagendorf-Teal v. Cnty. of Rensselaer*, 100 F.3d 270, 277 (2d Cir. 1996) ("'law of the case' doctrine posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case."); *Gary Friedrich Enters., LLC. v. Marvel Enters., Inc.*, 2008 WL 4129640, at *3 (S.D.N.Y. Sept. 4, 2008) ("The law of the case doctrine discourages a transferee court from reexamining the determinations of the transferor court.").

Mantu, Cayre, and Moyal were not estopped by that decision from moving this court to dismiss the claims against them for lack of personal jurisdiction, because those defendants had

6

not been served or appeared at the time the California court ruled on the motion to transfer. They thus took no position, implicit or explicit as to whether this Court had jurisdiction. *See Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 236 (2d Cir. 2018) ("The doctrine of offensive collateral estoppel allows a plaintiff to preclude a defendant from relitigating an issue that has been previously decided against the *same defendant*.") (emphasis added). However, Plaintiff was then a party to the case in California and it had the opportunity to raise the issue before that court.

      Plaintiff, thus, seeks to have this Court entertain an argument to retransfer the case that Plaintiff could have made but did not make in its initial opposition to the motion to transfer itself. In so doing, Plaintiff argues for a rule of law that would excuse a party's failure to make an available (and allegedly here conclusive) argument in the transferor court only to make the argument for the first time after the transferor court has analyzed and ruled on the motion to transfer. That rule of law would frustrate the purposes of the law of the case doctrine just as surely as the rule of law rejected in *U.S. Bank National Association*, under which the transferee court could reconsider the transferor court's explicit jurisdictional holding. In California, Plaintiff's failure to make the argument that all Defendants were not subject to jurisdiction in New York would result in a waiver. Plaintiff would be precluded from making the argument on a motion for reconsideration. *Mitsui O.S.K. Lines, Ltd. v. Swiss Shipping Line S.A.L.*, 2018 WL 1400088, at *1 (N.D. Cal. Mar. 19, 2018) (denying a request for leave to file a motion for reconsideration when plaintiffs "did not previously raise [the issue] despite having full knowledge of the facts"); *Pers. Elec. Transps, Inc. v. Off. of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009) (affirming district court's decision that the party waived its right to make a certain argument because it failed to raise it in its opposition to a motion to dismiss). It follows that

7

giving Plaintiff license to make the argument now to force this Court to send the case back to California, when the facts and law were all available to Plaintiff before the case was sent from California, would subject the courts and the parties to all the same pitfalls that Justice Frankfurter identified in his *Hoffman* dissent and that first the Supreme Court in *Christianson* and later Judge Leval in *U.S. Bank National Association* echoed.  It would undermine the interest in finality and frustrate the judicial system's mission to "decid[e] cases with reasonable speed and efficiency at reasonable costs to the parties."  *U.S. Bank Nat'l Ass'n*, 916 F.3d at 153.

Plaintiff has not identified "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice" that would justify reconsideration of the California court's decision and transfer of this case back to California.  *See Washington Nat'l Life Ins. Co. v. Morgan Stanley & Co. Inc.*, 974 F. Supp. 214, 218-19 (S.D.N.Y. 1997) (applying these factors in determining whether to retransfer case); *see also Clarendon Nat'l Ins. Co. v. Lan*, 152 F. Supp. 2d 506, 525 (S.D.N.Y. 2001) (refusing to grant motion to retransfer the action to California because the transferor court's decision was not "clearly erroneous" and there would be no "manifest injustice" in continuing the action in New York).  The law is the same as it was when the case was transferred, and Plaintiff has not argued the availability of any new evidence.  As for clear error and manifest injustice, the California court did not err, much less clearly err, in not considering an argument the Plaintiff failed to make.  There is similarly no manifest injustice in holding Plaintiff to the choice that it made with respect to what arguments to make to the California court and what arguments not to make.  Finally, while Defendants may be able to argue that the statute of limitations has now expired on the claims against Defendants over whom the Court did not have jurisdiction, there is nothing in this Court's opinion that would prevent Plaintiff from invoking

8

doctrines such as equitable estoppel and equitable tolling to argue that the complaint should be deemed to have been filed against Defendants when it was originally filed in California. *See Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000) (noting that the statute of limitations "may be tolled as necessary to avoid inequitable circumstances"); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137 (9th Cir. 2001) (allowing equitable tolling where there was "timely notice and absence of prejudice to defendant and plaintiff's good faith and reasonable conduct").

One final issue remains to be addressed. Defendants argue that the case should be dismissed with prejudice and the Court should close it because Plaintiff did not file an amended complaint with respect to the fraud claims against Mantu, Cayre, and Moyal within 30 days of the Court's Opinion and Order. *See* Dkt No. 99-1. The Court's Opinion and Order read: "If Plaintiff does not file an amended complaint within 30 days of this opinion, the Court will direct the Clerk to close this case." Dkt. No. 92 at 59. In its brief with respect to the transfer issues, however, Plaintiff asked the Court for "additional time to amend its complaint as to the few Defendants who remain in this Court." Dkt. No. 98 at 17 n.3. Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time (a) with or without motion or notice if the court acts, or if the request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b). That rule is applicable here. The request was made before the "original time" expired. There also is "good cause" for the extension. Plaintiff's response with respect to transfer of venue was that the entire case should be transferred to California and that this Court's merits-based rulings should be vacated. Had the Court agreed with Plaintiff, there would have been no need for an amended pleading. Indeed, had Plaintiff filed an amended pleading while the request to transfer

9

the case to California was pending, that pleading itself would have undercut Plaintiff's argument that the case as a whole should be transferred.  Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint.

The Court will hold a status conference on September 20, 2021 at 10:00 a.m. by TELEPHONE CONFERENCE.  At that date and time the parties are directed to dial the Court's teleconference number at 888-251-2909 (access code: 2123101).  By no later than seven days before that conference, the parties shall file a revised proposed case management plan on ECF for the further conduct of this case, based on the form case management plan on the Court's website.

SO ORDERED.

Dated: July 21, 2021
      New York, New York

                                              LEWIS J. LIMAN
                                              United States District Judge